The Honorable Tiffany M. Cartwright

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW RANDALL PING,<br><br>Defendant. | NO. CR25-5137-TMC<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO SEAL DOCUMENTS |

On September 4, 2025, Defendant Matthew Randall Ping filed a motion to seal his sentencing memorandum and all exhibits filed in support of that memorandum. *See* Dkt. No. 23, Mot. to Seal. The government opposes that motion. Ping's sealing request is overbroad and fails to account for the significant public interest in full and fair access to his sentencing materials. The motion should be denied.[1]

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City &*

---

[1] Undersigned counsel for the government and counsel for Ping attempted to reach agreement on a less-restrictive sealing option for Ping's filings, but counsel were unable to finalize those discussions given scheduling challenges for both parties. Accordingly, given that Ping's sentencing hearing is only two days away, the government files this opposition to give the Court sufficient time to review the government's opposition in advance of the hearing. Undersigned counsel will endeavor to update the Court at the hearing if the parties are able to reach a proposed agreement.

Opp. to Mot. to Seal - 1
*United States v. Ping*, CR25-5137-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  District courts therefore "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  Documents may remain under seal where (1) sealing a document serves a compelling interest (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2002 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

       The primary issue with Ping's motion to seal is that it is overbroad in both its demarcation of Ping's compelling interest and in the amount of material filed under seal in the name of that compelling interest.  The government agrees that Ping has a compelling interest in sealing his medical and mental health records and any quotations to those records.  But protecting Ping's private medical records is the only compelling interest presented by the motion.  The vast majority of Ping's sentencing memorandum and the exhibits filed in support are either unrelated to that compelling interest or, at most, derivative of that issue.  For example, the sentencing memorandum includes things like Ping's specific sentencing recommendation and discussion of comparator cases, and one of his exhibits is a magazine article that is available to any member of the public.  His compelling interest in medical records does not extend to the entirety of the sentencing memorandum, to all of the exhibits to that memorandum, to any reference that is derivative of Ping's medical or mental health issues, or to discussion of adverse childhood experiences. *See, e.g.*, *United States v. Roy*, No. 3:15-CR-151 (JAM), 2017 WL 2604250, at *2 (D. Conn. June 15, 2017) ("Defendant's sentencing memorandum describes her childhood, her [medical and mental health] problems, her success as a participant in the Support Court, how the victim company has allegedly 'absorbed' the loss from defendant's embezzlements, and how the fraud guidelines of the Sentencing Guidelines may be too severe.  No plausible claim could be made that any of these facts and arguments in the sentencing memorandum should be placed under seal.").  Instead,

Opp. to Mot. to Seal - 2  
*United States v. Ping,* CR25-5137-TMC

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

Ping's compelling interest in protecting his medical records can be accomplished through significantly less restricted means—sealing the medical records themselves and redacting direct references to them.

The government recognizes that Ping is likely concerned about the potential public consequences of disclosing the information that he has sealed to the public. But those concerns likely exist for every defendant in every criminal case, and they should not outweigh the public interest in open disclosure of sentencing information—especially in this case. Ensuring public access to court records is important in all criminal cases, but that interest is particularly acute in a case like this given the significant public impact of Ping's conduct. Ping stole nearly $900,000 from the state of Washington and failed to pay any taxes on those proceeds. *See* Dkt. No. 25, Gov. Sentencing Mem. at 1-6. This theft generated a public audit report from the Washington State Auditor's Office and a significant amount of media attention.[2] Given Ping's theft of public funds and subsequent failure to pay federal taxes, all Washingtonians are victims of his crimes. Ping relies heavily on the adverse childhood experiences and mental health issues that he seeks to seal in justifying his sentencing recommendation in this case. Indeed, as Ping notes in his memorandum, those same issues are intricately related to the offense conduct in this case. *See id.* Ping is entitled to rely on these materials, but the public is also entitled to public disclosure of the facts and issues that are relevant to sentencing.

//

//

---

[2] *See* https://sao.wa.gov/the-audit-connection-blog/auditors-find-nearly-900000-misappropriation-office-administrative-hearings; https://www.seattletimes.com/seattle-news/politics/wa-auditor-worried-by-growing-boldness-with-900k-misappropriation/; https://mynorthwest.com/crime_blotter/state-worker-pleads-guilty/4098658; https://www.kiro7.com/news/local/largest-theft-15-years-wa-employee-charged-with-878k-fraud/WY5MFHZGO5CAXICMUUC4QLI4FU/; https://www.theolympian.com/news/politics-government/article289674779.html; https://www.king5.com/article/news/local/audit-misappropriated-washington-state-funds/281-bc7e8630-fbef-42de-ae1b-303b3adb1dc6.

Opp. to Mot. to Seal - 3
*United States v. Ping,* CR25-5137-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Given that Ping can protect his compelling interest by redacting his sentencing memorandum and exhibits to narrowly focus on sealing his medical records and direct references to those records, his motion to seal should be denied.

DATED this 9th day of September, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

*/s Dane A. Westermeyer*
DANE A. WESTERMEYER
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-2266
E-mail: dane.westermeyer@usdoj.gov

I certify that this memorandum contains 771 words, in compliance with the Local Criminal Rules.

Opp. to Mot. to Seal - 4
*United States v. Ping,* CR25-5137-TMC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970